# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **KRISTIE THAGGARD** | § | **PLAINTIFF** |
| | § | |
| v. | § CIVIL ACTION NO. 1:09CV158-LG-RHW | |
| | § | |
| **O'REILLY AUTOMOTIVE, INC.,** | § | |
| and **CARL EMERSON BROWN** | § | **DEFENDANTS** |

### MEMORANDUM OPINION AND ORDER GRANTING
### MOTION FOR PARTIAL SUMMARY JUDGMENT

**BEFORE THE COURT** is the Motion for Partial Summary Judgment [25] filed by the defendants, O'Reilly Automotive, Inc., and Carl Emerson Brown. The defendants argue that they are entitled to judgment as a matter of law with regard to the issues of gross negligence, willful or wanton misconduct, and punitive damages. No response to the Motion was filed. Upon reviewing the Motion and the applicable law, the Court finds that the Motion for Partial Summary Judgment should be granted.

### FACTS

This lawsuit arose out of a car accident on Interstate 10 in Hancock County, Mississippi, in which Carl Emerson Brown,[1] an employee of O'Reilly Automotive, struck a vehicle from behind. The vehicle struck by Brown was driven by Kathleen Murphy and occupied by Kristie Thaggard. As a result, Thaggard and Murphy filed separate Amended Complaints against the defendants. Murphy later settled her claims against the defendants. The remaining plaintiff, Thaggard, alleges in her amended complaint that the defendants "negligently/wantonly caused or allowed their vehicle to collide with the vehicle... in which the Plaintiff, Kristie Thaggard, was a

---

[1] The Court is advised that Brown is deceased, but no suggestion of death has been filed in this lawsuit.

passenger." Thaggard seeks compensatory and punitive damages. The defendants filed a Motion for Partial Summary Judgment seeking judgment as a matter of law on the issues of gross negligence, willful or wanton misconduct, and punitive damages. No supporting evidence was submitted with the Motion, but the defendants supplemented the Motion with portions of the depositions of Thaggard and Murphy after the Motion deadline. Thaggard did not respond to the Motion or file an objection to the supplement. Therefore, the Court will consider the supplemental evidence.

## DISCUSSION

Pursuant to FED. R. CIV. P. 56, any party to a civil action may move for a summary judgment upon a claim, counterclaim, or cross-claim as to which there is no genuine issue of material fact and upon which the moving party is entitled to prevail as a matter of law. A party seeking summary judgment bears the initial burden of identifying those portions of the pleadings and discovery on file, together with any affidavits, that it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the movant carries its burden, the burden shifts to the non-movant to show that summary judgment should not be granted. *Celotex Corp.*, 477 U.S. at 324-25.

A motion for summary judgment cannot be granted simply because there is no opposition. Ultimately, the movant has the burden of establishing the absence of a genuine issue of material fact and, unless he has done so, the court may not grant the motion, regardless of whether any response was filed. *Hibernia Nat. Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985).

"Mississippi law does not favor punitive damages; they are considered an extraordinary

remedy and are allowed 'with caution and within narrow limits.'" *Warren v. Derivaux*, 996 So. 2d 729, 738 (¶27) (Miss. 2008). The Mississippi Supreme Court has explained: "Regarding intent, we have held that the 'kinds of wrongs to which punitive damages are applicable are those which, besides the violation of a right or the actual damages sustained, import insult, fraud, or oppression and not merely injuries but injuries inflicted in the spirit of wanton disregard for the rights of others.'" *Neider v. Franklin*, 844 So. 2d 433, 438 (¶17) (Miss. 2003). Thus, "[p]unitive damages are only appropriate in the most egregious cases so as to discourage similar conduct and should only be awarded in cases where the actions are extreme." *Paracelsus Health Care Corp. v. Willard*, 754 So. 2d 437, 442 (¶20) (Miss. 1999). Miss Code Ann. § 11-1-65 provides:

> Punitive damages may not be awarded if the plaintiff does not prove by clear and convincing evidence that the defendant against whom punitive damages are sought acted with actual malice, gross negligence, which evidences a willful, wanton or reckless disregard for the safety of others, or committed actual fraud.

"Gross negligence" is defined as "that course of conduct which, under the particular circumstances, disclosed a reckless indifference to consequences without the exertion of any substantial effort to avoid them." *Turner v. City of Ruleville*, 735 So. 2d 226, 229 (¶13) (Miss. 1999). Meanwhile, "willfulness and wantonness connote knowingly and intentionally doing a thing or wrongful act." *Turner*, 735 So. 2d at 229 (¶15). The term "willful and wanton" is synonymous with the phrase "reckless disregard." *Id.*

In the present case, Thaggard testified that she does not know the speed Brown was traveling or what Brown was doing inside the cab of his truck. (Ex. A to Defs.' Supplement at 29). She also testified that she did not see Brown's vehicle until after the accident. (*Id.* at 38).

Murphy testified that the only thing she could say that Brown did wrong was hit her vehicle. (Ex. B to Defs.' Supplement at 33, 36). In sum, Thaggard has offered no clear and convincing evidence that any of the defendants acted with either gross negligence, reckless disregard, or willful and wanton disregard for the safety of others while operating the vehicle that struck the plaintiffs.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion for Partial Summary Judgment [25] filed by the defendants, O'Reilly Automotive, Inc., and Carl Emerson Brown is **GRANTED**. Thaggard's punitive damages claim is hereby dismissed. All other claims remain pending.

**SO ORDERED AND ADJUDGED** this the 17th day of February, 2010.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE